UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
AUGUSTA DIVISION

| | |
|---|---|
| ANTHONY GALVIN, )<br>)<br>         Plaintiff, )<br>)<br>v. )<br>)<br>AUGUSTA-RICHMOND COUNTY, )<br>GEORGIA, )<br>)<br>         Defendant. ) | Case No. 1:18-cv-00208-JRH-BKE |

**ANSWER OF DEFENDANT AUGUSTA, GEORGIA**

COMES NOW Defendant, Augusta, Georgia, improperly identified as Augusta-Richmond County, Georgia[1] (hereinafter "Augusta"), and, files this Answer to Plaintiffs' Complaint as follows:

**FIRST DEFENSE**

1. In response to Paragraph 1 of the Complaint, Defendant is not challenging jurisdiction or venue in this matter.

2. In response to Paragraph 2 of the Complaint, Defendant is not challenging jurisdiction or venue in this matter.

3. In response to Paragraph 3 of the Complaint, Defendant is not challenging jurisdiction or venue in this matter.

4. Defendant is without sufficient information to form an opinion as to the allegations of Paragraph 4 and, therefore, deny the same.

---

[1] 1997 Ga. Laws p. 4024 designates the name of the consolidated government as "Augusta, Georgia."

1

5. Defendant is without sufficient information to form an opinion as to the allegations of Paragraph 5 and, therefore, denies the same.

6. Upon information and belief, Defendant admits the allegations in Paragraph 6 of the Complaint.

7. Defendant admits the allegations contained in Paragraph 7 of the Complaint.

8. Defendant admits the allegations contained in Paragraph 8 of the Complaint.

9. Paragraph 9 of the Complaint contains a legal conclusion to which no response is necessary. To the extent a response is necessary, Defendant denies the allegations contained in Paragraph 9.

10. In response to Paragraph 10 of the Complaint, Defendant admits only that Plaintiff held the position of Fire Lieutenant at the time of his separation from employment with Defendant.

11. In response to Paragraph 11 of the Complaint, Defendant admits only that Plaintiff's date of birth was January 29, 1963.

12. In response to Paragraph 12 of the Complaint, Defendant admits only that Plaintiff's original hire date with Defendant was September 19, 1990.

13. Defendant denies the allegations contained in Paragraph 13 of the Complaint.

14. Defendant denies the allegations contained in Paragraph 14 of the Complaint.

15. Defendant denies the allegations contained in Paragraph 15 of the Complaint.

16. Defendant denies the allegations contained in Paragraph 16 of the Complaint.

17. Defendant denies the allegations contained in Paragraph 17 of the Complaint.

18. Defendant denies the allegations contained in Paragraph 18 of the Complaint.

19. Defendant denies the allegations contained in Paragraph 19 of the Complaint.

20. Defendant denies the allegations contained in Paragraph 20 of the Complaint.

21. Defendant is without sufficient information to form an opinion as to the allegations of Paragraph 21 and, therefore, denies the same.

22. Defendant is without sufficient information to form an opinion as to the allegations of Paragraph 22 and, therefore, denies the same.

23. Defendant denies the allegations contained in Paragraph 23 of the Complaint.

24. Defendant is without sufficient information to form an opinion as to the allegations of Paragraph 24 and, therefore, denies the same.

25. Defendant denies the allegations contained in Paragraph 25 of the Complaint.

26. Defendant denies the allegations contained in Paragraph 26 of the Complaint.

27. Defendant denies the allegations contained in Paragraph 27 of the Complaint.

28. Defendant denies the allegations contained in Paragraph 28 of the Complaint.

29. Defendant denies the allegations contained in Paragraph 29 of the Complaint.

30. Responding to Paragraph 30 of the Complaint, Defendant admits only that Tammy Thain was the next employee on the Lieutenant promotional list.

31. Responding to Paragraph 31 of the Complaint, Defendant admits only that Tammy Thain's date of birth is December 18, 1976.

32. Defendant denies the allegations contained in Paragraph 32 of the Complaint.

33. Defendant restates and realleges in responses to Paragraphs 1-32 of the Complaint as if fully stated herein.

34. Responding to Paragraph 34 of the Complaint, Defendant admits only that Plaintiff is over 40 years of age and, as a result, is protected from discrimination based on age by the ADEA.

35. Defendant denies the allegations contained in Paragraph 35 of the Complaint.

36.     Paragraph 36 of the Complaint contains a legal conclusion to which no response is necessary.  To the extent a response is necessary, Defendant denies the allegations contained in Paragraph 36.

37.     Defendant denies the allegations contained in Paragraph 37 of the Complaint.

38.     Defendant denies the allegations contained in Paragraph 38 of the Complaint.

39.     Responding to the 'WHEREFORE' paragraph of the Complaint, Defendant denies that Plaintiff is entitled to any relief whatsoever, specifically and including, any finding in Plaintiff's favor, back pay, interest, front pay, compensatory damages, punitive damages, attorney fees, costs, or any other additional relief.

## SECOND DEFENSE

Plaintiff's Complaint fails to state a claim upon which relief can be granted.

## THIRD DEFENSE

Some or all of the relief sought by Plaintiff in the Complaint may be barred by the doctrine of sovereign immunity of the Eleventh Amendment of the United States Constitution.

## FOURTH DEFENSE

Plaintiff's Complaint seeks a remedy that is not available in law or equity.

## FIFTH DEFENSE

Defendant acted in a reasonable manner and in good faith and without motive, malice, means or reckless indifference toward Plaintiff's rights.

## SIXTH DEFENSE

All employment decisions concerning Plaintiff were made based upon legitimate, non-discriminatory and non-retaliatory business considerations, were justified, privileged, reasonable,

made in good faith, without any improper motive, purpose of means, and without any hatred, ill will, malice or intent to injure.

### SEVENTH DEFENSE

Defendant has neither acted nor failed to act in a manner that entitles Plaintiff to recover punitive or liquidated damages.

### EIGHTH DEFENSE

Defendant has not engaged in any act constituting willful misconduct, demonstrating wantonness, oppression, want of care or any other conduct of any type whatsoever which could support an award of punitive damages under applicable law.

### NINTH DEFENSE

Some or all of Plaintiff's claims may be barred because, on information and belief, Plaintiff has failed to mitigate his damages, if any.

### TENTH DEFENSE

Some or all of Plaintiff's claims are precluded because Plaintiff has failed to exhaust his administrative remedies.

### ELEVENTH DEFENSE

To the extent that Plaintiff seeks punitive damages in his Complaint, no such damages are available against Defendant because Defendant made a good faith effort to comply with all federal and state employment statutes.

### TWELFTH DEFENSE

Any allegation not specifically admitted in this Answer shall be deemed to be denied.

## **THIRTEENTH DEFENSE**

Because Plaintiff's Amended Complaint is phrased in conclusory terms, Defendants cannot fully anticipate all defenses which may be applicable to this action. Accordingly, the right to assert additional defenses, to the extent such defenses are applicable, is hereby reserved.

**WHEREFORE**, having fully provided answers and defenses, Defendant prays:

(a)   That Augusta, Georgia be dismissed.

(b)   That all costs of this action are taxed against Plaintiff.

(c)   That costs and attorney's fees be granted to Defendant against Plaintiff.

(d)   That no fees or costs be assessed as to Defendant as a matter of law.

(e)   For such other and further relief as this Court may deem just and proper.


Respectfully submitted this 10th day of April, 2019.


/s/ Jody M. Smitherman
Jody M. Smitherman, Esq. (Ga. Bar No. 652519)
ATTORNEY FOR DEFENDANT
Augusta, Georgia Law Department
535 Telfair Street, Building 3000
Augusta, Georgia 30901
Telephone: (706) 842-5550
Email: jsmitherman@augustaga.gov

UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
AUGUSTA DIVISION

| | | |
|---|---|---|
| ANTHONY GALVIN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 1:18-cv-00208-JRH-BKE |
| | ) | |
| AUGUSTA-RICHMOND COUNTY, GEORGIA, | ) ) | |
| | ) | |
| Defendant. | ) | |

## **CERTIFICATE OF SERVICE**

It is hereby certified that a copy of ANSWER OF DEFENDANT AUGUSTA, GEORGIA was filed with the Court via the Case Management/Electronic Court Filing System this 10th day of April, 2019 and notice thereof was served in accordance therewith via electronic mail to:

James S.V. Weston
TROTTER JONES, LLP
3527 Walton Way Extension
Augusta, GA 30909
Email: jamie@trotterjones.com

Alexander C. Kelly
THE KIRBY G. SMITH LAW FIRM, LLC
15720 Brixham Hill Avenue
Suite 300
Charlotte, NC 28277
Email: ack@kirbygsmith.com

/s/ Jody M. Smitherman_____
Jody M. Smitherman, Esq. (Ga. Bar No. 652519)

7